The opinion of the Court was delivered by
Bermudez, C. J.
This suit is brought to annul a judgment, two sales of real estate made under it to different purchasers, and situate in different parishes, and to claim damages from the judgment creditor, the adjudicatees and the sheriffs who officiated at the sales.
The purchasers of the property in Bossier Parish, and the sheriff there pleaded misjoinder of parties, and were sustained. The suit remained between the plaintiff, the judgment creditor, the adjudicatee of the property in Caddo Parish, and the sheriff.
On the trial of the case on its merits, the court found, under the defense, that the judgment attacked, had been, in divers ways, impliedly and expressly acquiesced in by the defendant therein, and that the defense of estoppel should prevail.
Prom the judgment sustaining the exception of misjoinder, and that, rejecting plaintiff’s demand, the plaintiff has appealed.
It is impossible to conceive how the numerous defendants could have been legally brought together, to defend an action which is not the same, as to each and everyone of them, and which contemplates four distinct objects.
The purchasers of the property in Bossier Parish surely have no interest in having the sale of that in Caddo Parish maintained. Although it may seem that the adjudicatee of the latter property may have an interest in maintaining the sale of the property in the first parish, the truth is, this interest originates, notin the fact of the purchase, hut because the purchaser is the judgment creditor warranting the sale.
*1097 How can the purchasers of the property in Bossier be made answerable in damages alleged to have been perpetrated by another party more than six years previous to the sale ? How can the sheriff of Caddo be held accountable for the frauds said to have been committed by the purchasers of the Bossier Parish property, with which he had nothing at all to do ¶ 14 An. 181; 12 An. 74; 15 An. 311, 502 ; 24 An. 614.
The judgment sustaining the .exception is Correct.
On the merits of the suit for the nullity of the judgment, contradictorily with the judgment creditor, who was the adjudicatee of the property in the Parish of Caddo, it is apparent, from the evidence, that although the present plaintiff was not cited, an answer was filed in her name by her counsel, who were also her agents, And that the judgment was rendered upon a proper showing. It recites that the law and the evidence were in favor of the plaintiff.
The evidence expressly establishes that the defendant in the case knew that the judgment had been rendered, that interest had been paid thereon, and that she was willing to continue paying such until the debt could be satisfied or a settlement made.
It is also proved that the defendant in the case was present in the parish, which was the place of her domicil, and yet suffered the judgment to be executed without opposing the same.
The law on the subject of nullity of judgment is unambiguous.
Article 612, C. P., provides: “ The nullity of a judgment rendered against a party without his having been cited, or by an incompetent Judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed, without opposing the same.”
The announcement or protest made at the time of sale, is not the opposition contemplated by law. It should have been made in the shape of a suit. In this respect, parties defendants are held to the same formalities as are required from third persons. C. P. 395, et seq.
We have given due consideration to the elaborate written opinions' of our learned and painstaking brother of the District Court, and are satisfied that justice has been done to the litigants.
Judgment affirmed, with costs.